**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STEPHANIE PEREZ,** individually and on behalf of all others similarly situated | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:20-cv-81** |
| | § | |
| **ZAYO GROUP, LLC** and **ZAYO GROUP HOLDINGS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Stephanie Perez ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files her Original Complaint against Defendants Zayo Group, LLC and Zayo Group Holdings, Inc. and states:

## I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff worked for Defendants as an Office Administrator, and her primary responsibilities included document review and other clerical tasks. Plaintiff routinely worked in excess of 40 hours per week but was not paid lawfully for doing so because Defendants misclassified Plaintiff and other employees as independent contractors and only paid them a day rate, failing to pay overtime for hours worked in excess of 40. Plaintiff files this suit on behalf of herself and all other similarly situated misclassified independent contractors. Defendants' actions in failing to pay their misclassified employees overtime in violation of the FLSA were "willful."

## II. PARTIES

2. Plaintiff is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. Her Consent to proceed as a party plaintiff in this action is attached hereto as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendants' current and former individuals working for Defendants who were misclassified by Defendant as "independent contractors" and paid a day rate.

4. Defendant Zayo Group, LLC is a Delaware-based corporation and can be served with process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

5. Defendant Zayo Group Holdings, Inc. is a Delaware- based corporation and can be served with process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the parties resides in this District.

## IV. COVERAGE

8. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individuals who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendants are involved in the telecommunications industry. Defendants provide communications infrastructure services, including fiber and bandwidth connectivity. Defendants maintain offices all over the United States and Europe. Defendants earn over $500,000.00 per year in gross sales.

14. Even though Plaintiff was classified as an "independent contractor", Defendants controlled all aspects of Plaintiff's work. Specifically, Defendant assigned Plaintiff's jobs and her schedule. This schedule required that Plaintiff adhere to certain job timeframes established by Defendants. Plaintiff was required to adhere to the schedule Defendants assigned her, resulting in overtime hours worked. If Plaintiff failed to follow the schedule as assigned, she would be written up or otherwise punished.

15. Defendants also dictated the manner in which Plaintiff performed her job duties.

16. Defendants hired Plaintiff and established the unlawful pay scheme at issue in this suit. Defendant determined how much Plaintiff was to be paid for each day of work and did not provide Plaintiff with the opportunity to control her ability for profit or loss or overtime pay.

17. Plaintiff worked as an office administrator for Defendants during the three years prior to the filing of this lawsuit and from approximately August 2015 – October 2019. In this capacity, she was improperly classified and treated by Defendant as an "independent contractor."

18. As an office administrator, Plaintiff's primary duties included review of documents to ensure they were correct prior to sending them, and various other clerical tasks. Plaintiff's job duties were routine, and did not involve the use of discretion or independent judgment.

19. Plaintiff routinely worked over 40 hours per week. In fact, she was often required to work in excess of 50 hours per week during the time covered by this lawsuit. However, she was not paid overtime for doing so. Rather than being paid for each hour of work, Defendants paid Plaintiff on a day rate basis. Defendants knew that Plaintiff worked in excess of 40 hours per week and allowed and directed her to do so.

20. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants were aware of the FLSA's requirements but chose not to pay Plaintiff lawfully. Defendants willfully misclassified Plaintiff as an independent contractor and refused to pay her in accordance with the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff and the Class Members are similarly situated in that they were paid under the same pay policy and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek as required by the FLSA. Specifically, Plaintiff and

the Class Members were paid on day-rate basis and were not paid overtime rates for their hours worked in excess of 40. In addition, Plaintiff and Class Members were misclassified as "independent contractors." Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff.

22. Defendants' failure to pay Plaintiff and the Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements, duties, titles, or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

23. Defendants knowingly, willfully, or with reckless disregard carried out the illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such

employees. Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jay Forester*

**J. FORESTER**
Texas Bar No. 24087532
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**Forester Haynie PLLC**
400 N St Paul St, Ste 700
Dallas, TX 75201
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of such will be made along with the summonses in accordance with the Federal Rules of Civil Procedure.

/s/ *Jay Forester*
**Jay Forester**